UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. FRANK SOLIS,<br><br>Plaintiffs,<br><br>v.<br><br>MILLENNIUM PHARMACEUTICALS, INC., SCHERING-PLOUGH CORP., and MERCK & CO.,<br><br>Defendants. | No. 2:09-cv-03010-MCE-EFB<br><br>**ORDER** |

This lawsuit was originally filed under seal on November 4, 2009, pursuant to the qui tam provisions of the Federal False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"). Defendants, who are pharmaceutical companies, include Millennium Pharmaceuticals, Inc., Schering-Plough Corp., and Merck and Co. ("Defendants" unless otherwise indicated). The so-called "Relator" plaintiff, Frank Solis, a former sales employee who worked at various points for all three Defendants ("Relator" or "Plaintiff"), claims that the companies fraudulently marketed and/or promoted the use of two drugs, Integrilin and Avelox, for so-called "off label" uses not approved by the Food and Drug Administration. In so doing, according to Relator, Defendants "caused" physicians to improperly prescribe the drugs and, consequently, to submit false claims for federal reimbursement

1

to Medicare, Medicaid and TRICARE (United States Military Healthcare).  The government allegedly paid those claims without knowing that they were ineligible for reimbursement.  Following a three-year investigation, the United States and all twenty-four states named in the initial complaint chose not to intervene, and Relator's Complaint was subsequently unsealed on December 20, 2012.

In response to motions to dismiss filed on behalf of each of the Defendants, Relator filed a First Amended Complaint ("FAC") on June 27, 2013.  Defendants subsequently attacked the viability of Plaintiff's FAC through three separate motions.  Defendants Schering-Plough Corp. and Merck & Co. (collectively "Schering") filed a joint Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)[1] on grounds that Relator's complaint was barred by the FCA's so-called "public disclosure" bar.  Defendant Millenium Pharmaceuticals, Inc. ("Millenium") subsequently joined in that motion.  Additionally, two other motions, one filed jointly by Schering and the other by Millenium, argued that the various causes of action pled in the FAC are substantively deficient in contravention of Rule 12(b)(6).  By Memorandum and Order filed March 26, 2014, this Court granted Defendants' Rule 12(b)(1) motion on grounds that Relator's "combination use" allegations were precluded under the FCA's so-called "public disclosure" bar precluding suits whose allegations have already been disclosed.  Because Relator's FAC contained other allegations beyond combination use, however, including assertions pertaining to a completely different drug, Avelox, as well as allegations of fraud, improper billing, and impermissible kickbacks, the Court permitted Relator to file a Second Amended Complaint ("SAC") omitting the combination use allegations.[2]

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

[2] Because the Rule 12(b)(6) motions challenged the sufficiency of the FAC's allegations at a point when the question of the Court's jurisdiction over this qui tam action had not yet been determined, and since the parameters of a SAC without the combination use allegations would likely be far different than its predecessor, the Court denied those motions without prejudice to being renewed following submission of the SAC.

1    Relator's SAC was filed on April 5, 2014, and that amended pleading resulted in
2 the filing of yet another motion to dismiss challenging the court's jurisdiction under Rule
3 12(b)(1), this time offered by Defendant Millenium alone.  That Motion was granted by
4 Memorandum and Order filed March 30, 2015, on grounds that the allegations against
5 Millenium, which included violations of the Anti-Kickback Statute ("AKS") and various
6 improper uses of Integrilin, had already been disclosed by five federal cases filed
7 between February 16, 2007, and May 10, 2007.  Because the Court found that Relator
8 could not qualify as an "original source" of those prior disclosures, the Court ruled that
9 the "public disclosure" bar applied and granted the Motion as to Millenium.  Moreover,
10 because the federal FCA claims were barred on that basis, even assuming the 28 state
11 FCA claims had any merit, the Court declined to exercise supplemental jurisdiction over
12 them.
13    On April 3, 2015, Defendants Schering filed the present Motion for
14 Reconsideration now before the Court, which alternatively seeks dismissal for lack of
15 subject matter jurisdiction under Rule 12(b)(1).  As set forth below, while Schering's
16 reconsideration request is DENIED, the alternatively pled Motion to Dismiss is
17 GRANTED.[3]
18    Defendants' reconsideration request is made on grounds that the conclusion
19 section of Schering's own Motion (ECF No. 113), contained a statement that apart from
20 the arguments advanced in that Rule 12(b)(6) motion, "Schering hereby adopts"
21 Millenium's argument, as set forth in Millenium's Rule 12(b)(1) motion, that "the Court
22 lacks subject matter jurisdiction to hear the claims asserted against Schering."   ECF No.
23 113-1, 20:21-23.  On that basis, Schering argues that the Court committed clear error in
24 not adjudicating Millenium's Rule 12(b)(1) motion as to Schering as well, despite the fact
25 that neither the notice of the motion nor argument section of the points and authorities
26 otherwise mentioned the 12(b)(1) request in any way.

---

[3] Having determined that oral argument would not be of material assistance, the Court ordered Defendants' Motion submitted on the briefing in accordance with Local Rule 230(g).

3

A passing reference in the conclusion does not adequately put Relators on notice the Schering was in fact mounting a jurisdictional challenge.  The Court is unpersuaded by Schering's argument that since Millenium was able to join in one of Schering's motions by reference within the body of its motion, Schering should now be allowed to do so as well.  Unlike Schering in the present instance, Millenium made a statement formally joining in Schering's motion to dismiss for lack of jurisdiction.  See ECF No. 80, p. 12, n.5. The present passing reference by way of conclusion is simply not comparable.  Accordingly, Schering's reconsideration request is DENIED.

As indicated above, however, aside from Schering's argument that the Court should already have ruled on Schering's jurisdictional challenge, which the Court rejects, Schering also alternatively brings its own freestanding motion to dismiss under Rule 12(b)(1).  For the reasons outlined by Schering in its papers, which the Court finds persuasive, the Court concludes that there is no appreciable difference between the allegations made against Schering and Millenium in the SAC.  The Court also finds that the prior disclosures made within the five previously filed 2007 lawsuits is equally applicable to both entities.  Consequently, the reasoning already employed by the Court in granting Millenium's Motion to Dismiss based on lack of subject matter jurisdiction (ECF No. 128) applies equally to Schering, is incorporated herein by reference, and mandates that Schering's jurisdictional motion also be granted.

///
///
///
///
///
///
///
///
///

4

In sum, then, Defendant Schering's Motion for Reconsideration or Alternatively to Dismiss (ECF No. 159) is DENIED in part and GRANTED in part.  To the extent it requests reconsideration of the Court's prior Memorandum and Order of March 30, 2015, it is DENIED, but the alternatively pled request that the action against Defendant Schering be dismissed for lack of subject matter jurisdiction is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated:  August 31, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT