C. BROOKS CUTTER (SBN 121407)
JOHN R. PARKER, JR. (SBN 257761)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, California 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330
E-mails: bcutter@cutterlaw.com / jparker@cutterlaw.com

Attorneys for Relator FRANK SOLIS

JOHN P. BUEKER (admitted *pro hac vice*)
john.bueker@ropesgray.com
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel:  (617) 951-7000
Fax:  (617) 235-7500

DOUGLAS H. HALLWARD-DRIEMEIER  (admitted *pro hac vice*)
douglas.hallward-driemeier@ropesgray.com
JONATHAN R. FERENCE-BURKE (SBN 272511)
jonathan.ference-burke@ropesgray.com
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006-6807
Tel:  (202) 508-4600
Fax:  (202) 508-4650

Attorneys for Defendants
SCHERING-PLOUGH CORP. AND MERCK & CO., INC.

[Additional Counsel Listed in Signature Block]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* FRANK SOLIS,<br><br>PLAINTIFF,<br><br>v.<br><br>MILLENNIUM PHARMACEUTICALS, INC., SCHERING-PLOUGH CORP., and MERCK & CO.,<br><br>DEFENDANTS. | CASE NO.  2:09-cv-3010-MCE-JFM<br><br>**JOINT STATUS REPORT ON REMAND FROM NINTH CIRCUIT COURT OF APPEALS**<br><br><br>Assigned to: Hon. Morrison C. England, Jr.<br>Location:     Courtroom 7, 14th Floor |

This False Claims Act case returns to the Court on remand from the Ninth Circuit, following Relator's appeal of the dismissal of the Second Amended Complaint ("SAC") against Defendants Schering-Plough Corp. and Merck & Co. (together, "Schering") and Millennium Pharmaceuticals, Inc. ("Millennium," and with Schering, "Defendants") pursuant to Rule 12(b)(1) [ECF No. 165], and Defendants' cross-appeals of the denials of their motions to dismiss pursuant to Rules 12(b)(6) and 9(b) [ECF Nos. 169 and 170].  *See United States ex rel. Solis v. Millennium Pharms., Inc.*, 885 F.3d 623 (9th Cir. 2018).  The Ninth Circuit affirmed in part, vacated in part, and remanded.

The Ninth Circuit held that "Solis's Integrilin claims are substantially similar to those in [] prior public disclosures," but that this Court had not yet "consider[ed] whether Solis satisfied the . . . two requirements of the original source test," whether relator has "'direct and independent knowledge' of the information on which his allegations are based" and whether relator "'voluntarily provided the information to the Government before filing' his FCA action."  885 F.3d at 627-28 (internal citations and quotation marks omitted).  The Ninth Circuit therefore "vacate[d] the dismissal of Solis's Integrilin claims and remand[ed] for the district court to determine whether Solis qualifies for the original source exception under [*United States ex rel.] Hartpence [v. Kinetic Concepts, Inc.*, 792 F.3d 1121 (9th Cir. 2015)]."  885 F.3d at 629.  The Ninth Circuit also affirmed dismissal of Relators' Avelox claims under Rule 9(b) and directed this Court to "decide . . . in the first instance" whether Relator should be granted leave to amend.  *Id.*

**I.   Joint Statement Regarding Further Proceedings**

The parties have some areas of agreement and some areas of disagreement regarding appropriate next steps.  Where the parties differ, their positions are set forth in separate sections below.

The parties jointly suggest that the Court schedule a status conference at its earliest convenience to discuss how the case should proceed.  Relator has advised counsel for Defendants that Relator does not intend to seek leave to amend his Second Amended Complaint to restate his Avelox claims, which will stand as dismissed under Rule 9(b) pursuant to the Ninth Circuit's ruling.  Accordingly, only Relator's Integrilin claims remain in the case.

The parties also agree that the Court should, as a threshold matter, "consider whether Solis satisfied the . . . two requirements of the original source test" that remain after *Hartpence*. 885 F.3d at 628. Because the original source inquiry is jurisdictional, the Court must resolve it first. *E.g.*, *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-95 (1998). The parties differ as to the procedure by which the Court should determine whether it has subject-matter jurisdiction, as discussed *infra*.

The parties further agree that Millennium is entitled to pursue a Rule 12(b)(6) and Rule 9(b) motion, which this Court previously denied as moot after granting Millennium's Rule 12(b)(1) motion.

## II.    Parties' Positions Regarding Further Proceedings

### A.    Relator

More than eight years after this case was filed, and more than five years after it was unsealed, it is time for this case to move forward. Relator asks the Court to rule on the original source question presented by the Ninth Circuit and allow the parties to begin discovery.

First, in the interest of efficiency, Relator requests that the Court rule on the original source question based on the briefs already submitted both to this Court and the Ninth Circuit. Relator believes that supplemental briefing on the *Hartpence* original source test will not be necessary because the parties have written extensively on this issue and further briefing would not contribute meaningfully to the discussion.

To determine whether a relator qualifies as an original source: (1) the relator must have direct and independent knowledge of the information underlying the allegations, and (2) the relator must have voluntarily provided the information to the Government before filing. *United States ex rel. Hartpence v. Kinetic Concepts. Inc.*, 792 F.3d 1121, 1124 (9th Cir. 2015). Relator Frank Solis meets both these requirements and has made allegations consistent with these requirements in the Second Amended Complaint. As to the first requirement, direct and independent knowledge, Mr. Solis worked for the Defendants for years promoting Integrilin, the drug at issue. (SAC ¶ 28). He attended national and regional sales conferences where he received training in the illegal sales

1  tactics described in the SAC. (*Id.*)  During his employment with Defendants he developed first-
2  hand knowledge of the acts described in the Second Amended Complaint, which is based entirely
3  upon his personal observations and documents in his possession. (*Id.* ¶¶28-29) As to the second
4  requirement, government disclosure, the SAC states that Mr. Solis "has provided…a full
5  disclosure of substantially all material facts supporting this Complaint, as required by the False
6  Claims Act." (*Id.* at ¶30)

7  Second, if the Court is inclined to allow discovery before ruling on the original source
8  issue, Relator asks that it be the standard, mutual discovery, rather than exceptional one-sided
9  discovery by Defendants only. There is no need for "limited jurisdictional discovery" as proposed
10 by Defendants. Such discovery would cover Mr. Solis' original source status, i.e. his independent
11 knowledge of the allegations, and the disclosures he made to the government. Defendants can
12 easily verify that Mr. Solis worked for them without sending discovery requests because the SAC
13 clearly states his name, job title, and years of employment with them. As to the government
14 disclosure, there is no reason for a special discovery process to obtain the disclosures, Defendants
15 can request the disclosures in the normal course of discovery.

16 Third, to the extent that Defendants intend to file additional motions to dismiss, Relator
17 suggests that instead they raise their issues in a summary judgment motion after both sides have
18 had a chance to conduct discovery.

19 **B.     Defendants**

20 Defendants request that the Court's schedule for further proceedings include three aspects.

21 *First*, Defendants believe that the parties should be permitted to file supplemental
22 memoranda stating their positions on whether the Court has subject-matter jurisdiction.  As the
23 Ninth Circuit pointed out, *Solis*, 885 F.3d at 628, this Court's initial ruling was "[w]ithout the
24 benefit of *Hartpence*," the Ninth Circuit's en banc 2015 decision modifying the original source
25 test by eliminating the "have a hand" requirement (which this Court previously relied on) and
26 clarifying the remaining original source requirements.  Defendants respectfully submit that the
27 parties should be permitted to set forth their views regarding how the new test announced in
28 *Hartpence* (and applied by a growing number of courts since 2015) applies to this case.

*Second*, prior to supplemental briefing on this Court's jurisdiction, Defendants request that the Court permit them to take limited jurisdictional discovery from Relator regarding whether he "satisfied the other two elements of the original source test." *Solis*, 885 F.3d at 628.  Those two elements—and in particular whether relator has "direct and independent knowledge of the information on which his allegations are based," *id.* at 627-28 (quotation marks and internal citation omitted)—are fact-bound determinations. Analyzing the original source test merely by looking at the face of the SAC could result in further amendments to the complaint or revisiting jurisdiction after discovery.  Resolving the jurisdictional question definitively now will streamline further proceedings and avert the possibility of the parties spending significant time and money, only to determine that subject-matter jurisdiction is lacking because Relator does not qualify as an "original source." *See United States ex rel. Biddle v. Bd. of Trustees of Leland Stanford, Jr. Univ.*, 161 F.3d 533, 535 (9th Cir. 1998) (in FCA case, holding that "the district court may resolve factual disputes based on the evidence presented where the jurisdictional issue is separable from the merits of the case").  This is especially appropriate where the SAC is replete with conclusory allegations that "relator had direct knowledge" of conduct that allegedly violated the FCA. *E.g.*, SAC [ECF No. 107] ¶ 64.  In the interest of streamlining proceedings, Defendants request that the Court (1) permit a four-hour deposition of Relator (with such time to be divided between Millennium and Schering) and (2) direct Relator to provide to Defendants the "full disclosure of substantially all material facts supporting this [SAC], as required by the False Claims Act, 31 U.S.C. § 3730(b)(2), and relevant state statutes," which Relator has averred that he "provided . . . to the United States Attorney." SAC ¶ 30.

*Third*, either simultaneously with or following a decision on jurisdiction, Defendants intend to file motions to dismiss under Rules 12(b)(6) and/or 9(b).  The Court did not have occasion to reach Millennium's previous motion to dismiss the SAC under Rules 12(b)(6) and 9(b) because it dismissed as to Millennium on jurisdictional grounds. *See* Mem. & Order [ECF No. 158].  Moreover, since the case was last before this Court, the Supreme Court decided *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016), which modified the test for the implied certification theory of FCA liability on which Relator relies here

as well as clarified the standard for pleading materiality, and the Ninth Circuit has in turn issued a number of precedential opinions interpreting *Escobar*. Millennium has not yet been heard as to why Relator's SAC fails to state a claim, and Millennium and Schering should be able to present arguments as to why *Escobar*, subsequent case law, and the Ninth Circuit's application of Rule 9(b) on appeal compel dismissal of the SAC.

## CONCLUSION

For the foregoing reasons, the parties jointly request a status conference at the Court's earliest convenience to set further proceedings. The parties have conferred and are available on May 31, June 14, and June 28, 2018.

///

| | | |
|---|---|---|
| 1 | Dated:  May 16, 2018 | Respectfully submitted, |
| 2 | | By */s/ C. Brooks Cutter (as authorized on 5/16/2018)*_____ |
| 3 | | |
| 4 | | C. BROOKS CUTTER (SBN 121407)<br>JOHN R. PARKER, JR. (SBN 257761) |
| 5 | | **CUTTER LAW P.C.**<br>401 Watt Avenue |
| 6 | | Sacramento, California 95864<br>Tel.: (916) 290-9400/ Fax: (916) 588-9330 |
| 7 | | bcutter@cutterlaw.com / jparker@cutterlaw.com |
| 8 | | MYCHAL WILSON (SBN 236189)<br>mychal@mychalwilsonesq.com |
| 9 | | THE LAW OFFICE OF MYCHAL WILSON<br>401 Wilshire Blvd., 12th Floor |
| 10 | | Santa Monica, CA 90401<br>Tel.: 424.252.4232/Fax: 310.424.7116 |
| 11 | | Attorneys for Relator |
| 12 | | FRANK SOLIS |
| 13 | Dated:  May 16, 2018 | By  *Jonathan R. Ference-Burke* |
| 14 | | JOHN P. BUEKER (admitted *pro hac vice*)<br>john.bueker@ropesgray.com |
| 15 | | ROPES & GRAY LLP<br>Prudential Tower, 800 Boylston Street |
| 16 | | Boston, MA  02199-3600<br>Tel:       (617) 951-7000 |
| 17 | | Fax:      (617) 235-7500 |
| 18 | | DOUGLAS H. HALLWARD-DRIEMEIER<br>(admitted *pro hac vice*) |
| 19 | | douglas.hallward-driemeier@ropesgray.com<br>JONATHAN R. FERENCE-BURKE (SBN 272511) |
| 20 | | jonathan.ference-burke@ropesgray.com<br>ROPES & GRAY LLP |
| 21 | | 2099 Pennsylvania Ave., NW<br>Washington, DC  20006-6807 |
| 22 | | Tel:       (202) 508-4600<br>Fax:      (202) 508-4650 |
| 23 | | LAURA G. HOEY (admitted *pro hac vice*) |
| 24 | | laura.hoey@ropesgray.com<br>ROPES & GRAY LLP |
| 25 | | 191 North Wacker Drive, 32nd Floor<br>Chicago, IL  60606-4302 |
| 26 | | Tel:       (312) 845-1200<br>Fax:      (312) 845-5500 |
| 27 | | ROCKY C. TSAI (SBN 221452) |
| 28 | | rocky.tsai@ropesgray.com<br>ROPES & GRAY LLP |

Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350

Attorneys for Defendants
SCHERING-PLOUGH CORP. AND
MERCK & CO., INC.

Dated: May 16, 2018          By  */s/ Sean A. Commons (as authorized on 5/16/2018)*
Kimberly A. Dunne, SBN 142721
kdunne@sidley.com
Sean A. Commons, SBN 217603
scommons@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Paul E. Kalb, M.D. (admitted pro hac vice)
pkalb@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Attorneys for Defendant
MILLENNIUM PHARMACEUTICALS, INC.